# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY M. EGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13-CV-719 CAS |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

This closed social security matter is before the Court on plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks attorney's fees in the amount of $7,000.00, which amount is based on multiplying 37.84 hours of attorney time by a rate of $185.00 per hour. Plaintiff states that he assigned his rights in the EAJA fee award to his attorney, and asks that the award be made payable directly to his attorney. Defendant filed a response which states that the parties agreed to an award of attorney's fees under the EAJA in the amount of $7,000.00 to be paid by the Social Security Administration. Defendant further states that the award should be made payable directly to plaintiff pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010).

The Court has reviewed plaintiff's motion for an award of fees under the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated July 21, 2014, the Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. See Shalala v. Schaefer, 509 U.S. 292, 295-96 (1993). Plaintiff states that he is not precluded from an award of attorney fees under the EAJA by any of its provisions.

The hourly rate of attorney's fees sought by plaintiff falls within the maximum hourly rate under the EAJA, as adjusted for increases in the cost of living, and the Court will approve it. See

Johnson v. Sullivan, 919 F.2d 503, 504, 505 (8th Cir. 1990) (EAJA hourly rate should be increased where there is proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $125 per hour, such as the Consumer Price Index).

Because plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, and the defendant concurs in the amount of the requested fees, the Court finds that plaintiff is entitled to attorney's fees in the amount of $7,000.00. The fee award must be made payable to plaintiff pursuant to Astrue v. Ratliff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act is **GRANTED** as set forth herein. [Doc. 28]

**IT IS FURTHER ORDERED** that defendant Commissioner of Social Security shall pay attorney's fees under the EAJA in the amount of Seven Thousand Dollars ($7,000.00), and that the award shall be made payable to plaintiff but shall be mailed to plaintiff's attorney, Mr. Karl E. Osterhout, 521 Cedar Way, Suite 200, Oakmont, Pennsylvania 15139.

                                                              CHARLES A. SHAW
                                                              UNITED STATES DISTRICT JUDGE

Dated this  22nd  day of October, 2014.